UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) | |
|---|---|---|
| *Plaintiff,* | ) ) ) | Case No.: 3:21-cv-181 |
| v. | ) ) ) | Judge Curtis L. Collier |
| WILBURN COLLINS, | ) ) ) | |
| *Defendant.* | ) | |

## **M E M O R A N D U M**

Before the Court is a motion by Plaintiff, Allstate Property and Casualty Insurance Company, for entry of default judgment against Defendant, Wilburn Collins. (Doc. 22.)

Federal Rule of Civil Procedure 55 states,

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.
   (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
   (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
      (A) conduct an accounting;
      (B) determine the amount of damages;
      (C) establish the truth of any allegation by evidence; or
      (D) investigate any other matter.

Fed. R. Civ. P. 55.

On October 14, 2021, Wilburn Collins was personally served with process. (Doc. 17.) Defendant has not entered a notice of appearance, answered the complaint, or otherwise responded to the complaint. On December 7, 2021, upon Plaintiff's application (Doc. 20), the Clerk of Court submitted an entry of default as to Defendant (Doc. 21).

Plaintiff's complaint and affidavit accompanying its motion for default pray for entry of a judgment declaring that Allstate Policy No. 130 151 099 (Doc. 1-1) provides no coverage for the 2000 Volkswagen Cabrio, VIN No. 3VWDC21VXYM801233, driven by Sabrina Brown and involved in an accident on November 29, 2017, in Knox County, Tennessee, in that Defendant Collins had sold the vehicle as set forth in the examination under oath of Defendant Collins (Doc.1-2) prior to November 29, 2017. Furthermore, Plaintiff asks the Court to declare that Allstate Policy No. 130 151 099 provides no coverage for any injuries or damages sustained by any party arising out of the November 29, 2017, accident in that the policy of insurance terminated upon the sale of the vehicle. Lastly, Plaintiff asks this Court to adjudicate and declare that Allstate Property and Casualty Insurance Company owes no duty to defend or indemnify Wilburn Collins and/or the estate of Sabrina Brown for any claims made by Blake C. Sharp related to the automobile accident of November 29, 2017; Wilburn Collins and/or the driver of the 2000 Volkswagen for any claims made on behalf of any individual and or parties related to the accident of November 29, 201; Wilburn Collins and/or the estate of Sabrina Brown for any claims made by Hans Johnson, individually and as the natural father and next of kin for minor decedent Adrian Alexander Johnson and Alexis Amelia Johnson, a minor, or by Alexis Amelia Johnson, individually, related to the automobile accident of November 29, 2017.

Because Plaintiff's complaint does not seek a "sum certain or a sum that can be made certain by computation," (*see* Fed. R. Civ. P. 55(b)(1)), Plaintiff now moves the Court to enter a

default judgment. (Doc. 22.)

Upon finding that the requirements of Federal Rule of Civil Procedure 55 have been satisfied, the Court will **GRANT** Plaintiff's motion for default judgment (Doc. 22).

**An Appropriate Judgement Order Will Enter.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**